[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff applying for a reassessment of damages for the taking by the defendant of a portion of the plaintiff's property for highway purposes, the plaintiff claiming that the damages assessed are inadequate. The court had the benefit of appraisal reports and testimony from two expert appraisers, both of whom reached their conclusions as to values in large measure by resort to comparable sales.
The State has taken from the plaintiff by condemnation, 16.30 acres of land plus easements in the town of Coventry. It has assessed damages in the sum of $81,500, which has already been paid. The date of taking is March 31, 1989.
The plaintiff was the owner of two parcels of land consisting of a total of 79.8 acres. The land was divided by Hop River Road, a dirt road. One piece consisted of 7.1 acres and the other piece, 72.7 acres. As a result of this acquisition, the subject premises will be bisected by a four-lane highway known as Route 6. The area actually taken was 16.30 acres.
After the taking, the subject property would have 5.9 acres to the west of Hop River Road; to the east, the property would have 8.2 acres to the southwest of the new Route 6, and 49.4 acres to its northeast.
The evidence reveals that the taking has denied the rights of access to some degree; that two slope easements are taken; and that the property is now divided into three segments rendering residential development somewhat more difficult.
For the first time since this litigation began, the defendant raises in his brief the claim that the plaintiff had failed to allege the facts upon which she claimed to have been aggrieved. At no time during the trial did the defendant interpose an objection to the introduction of the evidence as to aggrievement. The court has read the cases cited by defendant on this question. In those cases, there was a complete failure to submit proof of any facts that would constitute a claim of aggrievement. Moreover, there is no reason to conclude that, at any time, the defendant was prejudicial by evidence in the nature of a surprise. To enter judgment in favor of the defendant on this CT Page 4825 ground would be unjust.
The defendant asserts in his brief that General Statutes13a-77 is unconstitutional in that it provides that if an appellant obtains an award from the court greater than that awarded by the Commissioner, costs shall be awarded. He claims that the statute is unconstitutional because it does not provide a corresponding allowance for costs when he prevails. He cites as authority, Motor Vehicles Manufacturers Assoc. v. O'Neill,212 Conn. 83, which involved the so-called Lemon Law. It is also noted at pp. 99 and 100 of the opinion that the court observes that in determining the validity of disparities, courts ordinarily invoke the rational basis test. Such a test could be applicable here. Also, there is nothing in the Statute which denies a recovery of costs to the defendant.
The plaintiff's appraiser has found the value of the entire property before the taking to be $540,000, and after the taking, $347,500. The defendant's appraiser, on the other hand, stated the value before the taking is $399,000 and the value thereafter to be $317,500.
Ultimately, the referee's determination of the value of property depends upon his considered judgment, taking into consideration the divergent views expressed by the witnesses and the claims of the parties. New Haven Savings Bank v. West Haven Sound Development, 190 Conn. 60, 69. He may reach his own conclusion as to value by weighing the opinions of the appraisers, the claims of the parties in view of all the circumstances in evidence bearing on value and his own general knowledge of the elements affecting value, selecting the most appropriate method of valuation under the facts found by him. Wronowski v. Redevelopment Agency, 180 Conn. 579,596.
Based upon my viewing of the property and considering all evidence, and my own knowledge of the elements constituting value, it is concluded that the damages sustained by the plaintiff as a result of the taking were $145,000.
Judgment may enter for the plaintiff for the further sum of $63,500 in addition to the $81,500 already paid, together with interest on said further sum of $63,500 at the rate of 10% from the date of taking to the date of payment, together with costs and an allowance of $2,000 toward an appraiser's fees.
JOHN M. ALEXANDER, STATE TRIAL REFEREE CT Page 4826